[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 06-11711
Non-Argument Calendar

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 21, 2006
THOMAS K. KAHN
CLERK

D.C. Docket No. 05-00413-CR-T-24-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE MILLER CUERO-SINISTERRA,

Defendant-Appellant.

----------------------------------------------------------------
Appeal from the United States District Court
for the Middle District of Florida
----------------------------------------------------------------

**(September 21, 2006)**

Before EDMONDSON, Chief Judge, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Defendant-Appellant Jose Miller Cuero-Sinisterra appeals his 135-month

sentence imposed after he pled guilty to (1) possession with intent to distribute

five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 App. U.S.C. § 1903(a), (g); 18 U.S.C. § 2; and 21 U.S.C. § 960(b)(1)(B)(ii); and (2) conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 App. U.S.C. § 1903(a), (g), and (j); and 21 U.S.C. § 960(b)(1)(B)(ii).  No reversible error has been shown; we affirm.

Cuero-Sinisterra asserts that the district erred in denying him a minor role reduction pursuant to U.S.S.G. § 3B1.2(b).[*]  He contends that he was less culpable than the other persons found on the boat (which was carrying 269 bales of cocaine) because he was not essential to the smuggling operation, was not aware of the scope of the operation, and did not have a proprietary interest in the smuggled drugs.  Cuero-Sinisterra also contends that he was on the boat only to assist in unloading the cocaine.

We review for clear error "a district court's determination of a defendant's role in the offense."  United States v. De Varon, 175 F.3d 930, 937 (11th Cir.

---

[*]On appeal Cuero-Sinisterra also argues for the first time that he was entitled to a minimal role reduction under U.S.S.G. § 3B1.2(a).  Because we conclude that the district court did not err in refusing to apply a minor role reduction, we reject Cuero-Sinisterra's argument about receiving no minimal role reduction.

1999) (en banc).  Under U.S.S.G. § 3B1.2(b), "[a] defendant warrants a two-level reduction for playing a minor role in an offense if he is less culpable than most other participants, although his role could not be described as minimal."  United States v. Ryan, 289 F.3d 1339, 1348 (11th Cir. 2002).   The defendant has the burden of establishing his role by a preponderance of evidence.  De Varon, 175 F.3d at 939.

Sentencing courts should consider two elements when determining a defendant's role in an offense: "first, the defendant's role in the relevant conduct for which [he] has been held accountable at sentencing, and, second, [his] role as compared to that of other participants in [his] relevant conduct."  Id. at 940.  The first element is more important and, in many cases, may end the inquiry.  See id. at 945.

The district court committed no clear error in determining that Cuero-Sinisterra's role in the offense was more than minor.  About the first element, Cuero-Sinisterra's sentence was based only on the relevant conduct for which he was held accountable at sentencing: the 269 bales of cocaine seized from the drug smuggling boat.  He was held accountable for no larger quantity.  And the district court correctly pointed to the boat's "huge" drug quantity in denying Cuero-Sinisterra a minor role reduction.  See id. at 943 (noting that, in the drug courier

3

context, the amount of drugs is a "material consideration" in assessing a defendant's role in his relevant conduct). About the second element, Cuero-Sinisterra was one of only nine persons on the boat, which was carrying a very large cocaine delivery. He has failed to show that he was "less culpable than <u>most other participants</u> in [his] relevant conduct," <u>id.</u> at 944; and we see no clear error in the district court's refusal to apply a minor role reduction in this case.

AFFIRMED.